UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CV14-03109 JAK (JEMx) | Date | September 19, 2014 |
| Title | Signal IP, Inc. v. Mercedes-Benz USA, LLC | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING IN PART DEFENDANT MERCEDES-BENZ USA, LLC'S MOTION TO DISMISS CLAIMS FOR INDIRECT AND WILLFUL INFRINGEMENT (DKT. 34)**

## I. INTRODUCTION

On April 23, 2014, Plaintiff Signal IP, Inc. ("Plaintiff" or "Signal") filed a complaint for patent infringement against Mercedes-Benz USA, LLC ("Mercedes" or "Defendant") and Daimler North America Corporation ("Daimler"). Compl., Dkt. 1 at 1. On May 21, 2014, Plaintiff dismissed Daimler. Dkt. 19. On June 10, 2014, Defendant moved to dismiss the Complaint for failure to state claims for direct, indirect, and willful infringement. Dkt. 23. On July 1, 2014, Plaintiff then filed an Amended Complaint ("FAC"). Dkt. 32. On July 15, 2014, Defendants moved to dismiss the claims in the FAC for indirect and willful infringement (the "Motion"). Dkt. 34. The Court conducted a hearing on the Motion on September 15, 2014, and took the matter under submission. For the reasons stated in this Order, the Motion is GRANTED IN PART, as to the claims based on alleged willfulness, and DENIED as to all other issues.

## II. BACKGROUND

Plaintiff alleges that Defendant is a "direct or indirect subsidiary of global car manufacturer and distributor Daimler AG, . . . which is headquartered in Germany." FAC, Dkt. 32 at ¶ 7. "Daimler manufactures and distributes cars under the 'Mercedes' and 'Mercedes-Benz' brand names." *Id.* Plaintiff asserts that the Defendant infringes the following five United States Patents:

| Patent | Title | Issue Date |
|---|---|---|
| 5,714,927 ("the '927 Patent") | Method of Improving Zone of Coverage Response of Automotive Radar | February 3, 1998 |
| 5,954,775 ("the '775 Patent") | Dual Rate Communication Protocol | September 21, 1999 |
| 6,012,007 ("the '007 Patent") | Occupant Detection Method and Apparatus for Air Bag System | January 4, 2000 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03109 JAK (JEMx) | Date | September 19, 2014 |
|---|---|---|---|
| Title | Signal IP, Inc. v. Mercedes-Benz USA, LLC | | |

| Patent | Title | Issue Date |
|---|---|---|
| 6,775,601 ("the '601 Patent") | Method and Control System for Controlling Propulsion in a Hybrid Vehicle | August 10, 2004 |
| 6,434,486 ("the '486 Patent") | Technique for Limiting the Range of an Object Sensing System in a Vehicle | August 13, 2002 |

*Id.* at ¶¶ 6, 9-80 (collectively, "the Patents-in-Suit").

In the Motion, Defendant moves to dismiss the following: (1) the claims for willful infringement, because no pre-suit knowledge was alleged; (2) the claims for inducing infringement, because no pre-suit knowledge was alleged and because of purported defects in the allegations concerning the objectively high likelihood of infringing a valid patent; and (3) the claims for contributory infringement, because no pre-suit knowledge was alleged, and because of purported defects in the allegations that the supplied products were especially made for use in an infringing combination and have no substantial non-infringing uses. Mot., Dkt. 34 at 1.

### III.     ANALYSIS

#### A.     Legal Standard

##### 1.     Motion to Dismiss

A motion to dismiss for failure to state a claim generally raises a "purely procedural question not pertaining to patent law," to which courts apply "the law of the regional circuit." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007). A cause of action may be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). Plausibility arises from factual allegations that allow the court to draw a reasonable inference that the alleged misconduct occurred. *Id.* When a court considers a motion to dismiss, it should first separate the "recitals of the elements of [an] action" from the factual allegations. *Id.* The court should then assume the factual allegations are true, and ignore the legal conclusions. *Id.* After eliminating the bare legal conclusions from the complaint, the court should review the factual allegations and "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

##### 2.     Willful Infringement

"The Federal Circuit has held that an allegation of willful infringement must either be made based on the accused infringer's pre-litigation knowledge, or be maintained only if the patentee seeks a preliminary injunction." *McRO, Inc. v. Namco Bandai Games Am., Inc.*, CV12-10322 GW (FFMx), 2013 WL 8540289, at *3 (C.D. Cal. July 11, 2013) (citing *In re Seagate Tech.*, LLC, 497 F.3d 1360, 1374 (Fed. Cir. 2007)).

##### 3.     Inducement of Infringement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03109 JAK (JEMx) | Date | September 19, 2014 |
|---|---|---|---|
| Title | Signal IP, Inc. v. Mercedes-Benz USA, LLC | | |

Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "To prove induced infringement, the patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotations omitted); s*ee* also *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) ("To survive Appellees' motion to dismiss, therefore, R+L's amended complaints must contain facts plausibly showing that Appellees specifically intended their customers to infringe the '078 patent and knew that the customer's acts constituted infringement. This does not mean, however, that R+L must prove its case at the pleading stage."). "The requirement that the alleged infringer knew or should have known his actions would induce actual infringement necessarily includes the requirement that he had knowledge of the patent." *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1304 (Fed. Cir. 2006) (en banc).

   4. <u>Contributory Infringement</u>

Pursuant to 35 U.S.C. § 271(c),

> [w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

Like a claim for induced infringement, "§ 271(c) requires knowledge of the existence of the patent that is infringed." *Global-Tech Appliances, Inc. v. SEB S.A.*,131 S. Ct. 2060, 2068 (2011). In addition, the patentee must plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses. *Bill of Lading*, 681 F.3d at 1337. "[A] substantial non-infringing use is any use that is not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Id.* (*citing Vita–Mix Corp. v. Basic Holdings, Inc.*, 581 F.3d 1317, 1327–29 (Fed. Cir. 2009)) (quotation marks omitted).

  **B.** **Application**

   1. <u>Willful Infringement</u>

Because Plaintiff has not alleged pre-suit knowledge of the patents and has not sought a preliminary injunction, it may not assert a claim for willful infringement. Plaintiff's arguments to the contrary are addressed in detail in the minute order dismissing the claims for willful infringement issued today in *Signal IP, Inc. v. Volkswagen Group of America, Inc.*, CV14-3113. That discussion is incorporated here by this reference.

   2. <u>Inducement of Infringement</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CV14-03109 JAK (JEMx) | Date | September 19, 2014 |
| Title | Signal IP, Inc. v. Mercedes-Benz USA, LLC | | |

As to knowledge, the FAC adequately alleges that "Defendant has knowledge of each of the Patents-in-Suit, and has had the specific knowledge that its products and services described below infringe the Patents-in-Suit, since at least the filing of the complaint in this action on April 23, 2014, which was served on Defendant on April 29, 2014." FAC, Dkt. 32 at ¶ 8. Such an allegation of knowledge derived from the contents of a complaint is sufficient for purposes of indirect infringement. *Bill of Lading*, 681 F.3d at 1344-45; *Locata LBS, LLC v. Yellowpages.com, LLC*, LA CV13-7664 JAK (SHx), 2014 WL 2581176, at *3-4 (C.D. Cal. Apr. 18, 2014) (holding sufficient an allegation of knowledge based on the complaint); *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, C12-1011 EMC, 2012 WL 4514138, at *1 (N.D. Cal. 2012) ("[t]hough the claims for indirect infringement both require knowledge of the patent, the Federal Circuit has recently held that post-filing knowledge is sufficient to meet this requirement").

As to intent, the allegations of the FAC concerning the '927 Patent are representative. The '927 Patent contains claims for methods of improving the perceived zone of coverage response of automotive radar. Claim 1 of the '927 Patent is the sole independent claim. It reads as follows:

> 1. In a radar system wherein a host vehicle uses radar to detect a target vehicle in a blind spot of the host vehicle driver, a method of improving the perceived zone of coverage response of automotive radar comprising the steps of:
>   determining the relative speed of the host and target vehicles;
>   selecting a variable sustain time as a function of relative vehicle speed;
>   detecting target vehicle presence and producing an alert command;
>   activating an alert signal in response to the alert command;
>   at the end of the alert command, determining whether the alert signal was active for a threshold time; and
>   if the alert signal was active for the threshold time, sustaining the alert signal for the variable sustain time, wherein the zone of coverage appears to increase according to the variable sustain time.

The FAC presents allegations as to the functionality of the accused instrumentalities -- the Active Blind Spot Assist system used in a variety of Defendant's cars:

> 13. As described below, Mercedes includes a radar system where a host vehicle uses radar to detect a target vehicle in a blind spot of the host vehicle driver, which improves the perceived zone of coverage response of automotive radar. Mercedes determines the relative speed of the host and target vehicles and selects a variable sustain time as a function of relative vehicle speed. Mercedes detects target vehicle presence and produces an alert command. Mercedes activates an alert signal in response to the alert command. At the end of the alert command, Mercedes determines whether the alert signal was active for a threshold time and if the alert signal was active for the threshold time, Mercedes sustains the alert signal for the variable sustain time, where the zone of coverage appears to increase according to the variable sustain time.
>
> 14. According to Defendant's website or documentation, Mercedes's Active Blind Spot Assist system "employs short-range radar sensors fitted on either side of the rear bumper which monitor the area directly alongside and behind the car." The system "has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03109 JAK (JEMx) | Date | September 19, 2014 |
|---|---|---|---|
| Title | Signal IP, Inc. v. Mercedes-Benz USA, LLC | | |

    developed by Mercedes-Benz to help drivers change lanes safely" and "to monitor the areas that are difficult to see."

    15. Further according to Defendant's website, "[o]vertaking vehicles are displayed" by Mercedes's system "as soon as [the vehicles] enter the monitoring area if the relative difference in speed between the two vehicles is no more than 16 km/h."

    16. Further according to Defendant's website, Mercedes's Active Blind Spot Assist system, "on detecting another vehicle which is moving in the parallel lane in the exterior mirror's blind spot, [] alerts the driver by means of a red warning signal which appears in the glass of the exterior mirror. If the driver overlooks this warning and indicates to change lane [sic], the red warning signal will start flashing and a warning tone will additionally sound."

FAC, Dkt. 32. The FAC then alleges that Defendant intentionally induces third parties to infringe by "(1) advertising in public and marketing the features, benefits and availability of the '927 Patent Accused Instrumentalities; (2) promoting the adoption and use of the '927 Accused Instrumentalities; and (3) providing instructions on how to use the '927 Patent Accused Instrumentalities." FAC, Dkt. 32 at ¶ 17.

As Mercedes pointed out at the September 15, 2014 hearing on the Motion, the published materials quoted in the FAC do not specifically address the presence of the "variable sustain time" element of the claims. However, paragraph 13 of the FAC specifically alleges the presence of that element in the accused instrumentalities. Plaintiff need not "prove [it] is entitled to relief at the pleading stage." *Bill of Lading*, 681 F.3d at 1342. Although Mercedes represented at the hearing that its vehicles do not have the variable sustain time feature, that argument addresses the merits of the claim, not the adequacy of the pleading. And, Plaintiff is certainly on notice of Mercedes' position concerning the facts; this may itself have an effect in future proceedings.

Here, it is alleged that Defendant sells cars with a feature that is accused of infringing and advertises the feature. Given the alleged nature of the feature, it is plausible that Defendant, with knowledge of the '927 Patent, intends that its customers will use it. "Common sense indicates that advertising that your product can be used [in an infringing way] gives rise to a reasonable inference that you intend to induce your customers to accomplish these benefits through utilization of the patented method. This is sufficient to push the complaint past the line 'between possibility and plausibility.'" *Bill of Lading*, 681 F.3d at 1341-42 (quoting *Twombly*, 550 U.S. at 557).

For these reasons, the FAC adequately states a claim for inducement of infringement.

        3.    <u>Contributory Infringement</u>

As discussed above, the FAC adequately alleges Defendant's knowledge of the Patents-In-Suit.

Defendant argues that contributory infringement has not been adequately alleged because to establish such a claim, "the plaintiff must show that the defendant supplied a 'component' that was a 'material' part of an infringing combination." Mot., Dkt. 34 at 5 (quoting 35 U.S.C. § 271(c)). Defendant argues that this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV14-03109 JAK (JEMx) | Date | September 19, 2014 |
|---|---|---|---|
| Title | Signal IP, Inc. v. Mercedes-Benz USA, LLC | | |

standard is not met because the FAC alleges only that Defendant itself sells products containing its own allegedly infringing components, and this would provide the basis for a claim for direct, not contributory infringement. *Id.* at 5-6.

Defendant's argument is unpersuasive. It overlooks the statutory provision that:

> [w]hoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, **or a material or apparatus for use in practicing a patented process**, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c) (emphasis added). As discussed above, many of the asserted claims are process claims, so the alleged conduct fits within the statutory category. Thus, although the arguments advanced in the briefing and at the hearing focused on the "component of a patented machine, manufacture, combination or composition" aspect of the statute, "[c]ontributory infringement imposes liability on one who embodies in a non-staple device the heart of a patented process and supplies the device to others to complete the process and appropriate the benefit of the patented invention." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1327 (Fed. Cir. 2009). Thus, supplying a device that is used in an infringing process can constitute contributory infringement.

Finally, Defendant argues that Plaintiff did not plead facts showing that the components have no substantial non-infringing uses. Mot., Dkt. 34 at 7. "[A] substantial non-infringing use is any use that is not unusual, far-fetched, illusory, impractical, occasional, aberrant, or experimental." *Bill of Lading*, 681 F.3d at 1337 (quoting *Vita–Mix*, 581 F.3d at 1327–29) (quotation marks omitted). However, the allegations of the FAC are sufficient to support the claim that the components are designed principally to perform functions that are plausibly infringing, and not merely that the components could be used in an infringing manner. Defendant offers no factual argument as to what the substantial non-infringing uses might be or why Plaintiff's allegations are implausible.

For these reasons, the FAC adequately states a claim for contributory infringement.

**IV.    CONCLUSION**

For the foregoing reasons, the Motion is GRANTED IN PART. Plaintiff's claims for willful infringement are DISMISSED WITHOUT PREJUDICE. The Motion is otherwise DENIED.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak