Ryan E. Hatch (SBN 235577)
   rhatch@linerlaw.com
Jason L. Haas (SBN 217290)
   jhaas@linerlaw.com
LINER LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3518
Telephone:   (310) 500-3500
Facsimile:    (310) 500-3501

Attorneys for Plaintiff SIGNAL IP, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGNAL IP, INC., a California corporation,<br><br>           Plaintiff,<br><br>   vs.<br><br>MERCEDES-BENZ USA, LLC, a Delaware limited liability company; DAIMLER NORTH AMERICA CORPORATION, a Delaware corporation,<br><br>           Defendant. | Case No. 2:14-cv-03109-JAK (JEMx)<br><br>**JOINT REPORT ON SEQUENCE OF CASES FOR TRIAL**<br><br>Hon. John A. Kronstadt<br><br>First Trial Date:  March 15, 2016 |

1  Plaintiff Signal IP, Inc., ("Plaintiff" or "Signal") and defendants American

2  Honda Motor Co., Inc. and Honda of America Mfg., Inc. (collectively "Honda"),

3  Nissan North America, Inc. ("Nissan"), Mazda Motor of America, Inc. ("Mazda"),

4  Subaru of America, Inc. ("Subaru"), Kia Motors America, Inc. ("KMA"), BMW of

5  North America, LLC ("BMWNA"), and Mercedes-Benz USA, LLC ("MBUSA"),

6  (collectively, "Defendants") hereby submit their Joint Report on Sequence of Cases

7  For Trial.  This report is submitted pursuant to the Court's June 12, 2015 scheduling

8  orders in these actions, which set four trial dates in the related Signal matters but did

9  not identify the sequence in which the trials would take place.

10  **Plaintiff's Statement**

11  In light of all the circumstances, Plaintiff proposes the following trial

12  schedule:

13  Trial 1:          March 15, 2016              MBUSA

14  Trial 2:          May 10, 2016               BMWNA

15  Trial 3:          July 12, 2016              Honda

16  Trial 4:          September 13, 2016         Mazda

17  Unscheduled Trials:                          Nissan, KMA & Subaru

18  Plaintiff's proposed order rests, in large part, on the considerations addressed

19  in its oppositions to Defendants' motions to stay.  Mercedes has not moved for a

20  stay. With the new settlement of Signal's action against Volkswagen Group of

21  America, Inc. and Bentley Motors, Inc., the pending IPR relating to U.S. Patent No.

22  5,954,775 will be dismissed.  With that dismissal, only one of five claims asserted

23  against BMWNA—claim 21 of U.S. Patent No. 6,012,007—will remain pending

24  before the USPTO in IPR proceedings.  Honda is in a similar position (one of four).

25  By contrast, Mazda, Nissan, and Subaru each have three or more claims pending

26  before the USPTO.  Those claims would not justify a stay of those actions.  In the

27  absence of compelling reasons to try those actions first, however, Plaintiff proposes

28  that the Court defer the trial of those actions until after the MBUSA, BMWNA, and

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1    Honda actions have been resolved.  If necessary, the Court can decide the order of

2    the unscheduled cases at a later time.

3         Signal disagrees with Defendants' proposal to modify the schedule to delay

4    filing of dispositive motions and trial.  Expert reports have been completed, and

5    Signal's experts have been deposed.  All but one of the expert depositions scheduled

6    for January 2016 are of *Defendants' own experts*.  Defendants do not need Signal to

7    depose their own experts before they file summary judgment or *Daubert* motions.

8         As Defendants note, there is one additional deposition of Signal's validity

9    expert, Dr. Trevor Smedley, which will occur in January 2016.  However, Signal

10   already made Dr. Smedley available for two days on December 16 and 17, and only

11   Mazda and Subaru participated in that deposition, and for only one day on

12   December 16.  The remaining defendants elected not to participate, but they can

13   review the transcript of the Mazda and Subaru deposition.  Moreover, each

14   defendant has already deposed Dr. Smedley on his background and opinions

15   regarding infringement.  Signal agreed to offer Dr. Smedley for an additional

16   deposition in January as a courtesy to the defendants who either could not or would

17   not participate in the depositions that were proposed for December 16 and 17, but

18   this is not a reason to delay all dispositive motions and trial.

19        **MBUSA's Statement**

20        MBUSA respectfully requests that the Court modify the current scheduling

21   order to (i) postpone the trial scheduled for March 15, 2016; (ii) extend the deadline

22   for the completion of expert discovery; and (iii) allow the parties to brief dispositive

23   motions prior to determining the order in which the trials for the individual

24   Defendants should proceed.  MBUSA believes that this approach will be the most

25   practical, equitable, and efficient for the reasons set forth below.

26        First, all parties appear to agree that additional time is necessary to complete

27   expert discovery.  The current schedule calls for expert discovery to close on

28   January 4, 2016.  However, because of the volume of experts, the intervening

JOINT REPORT ON SEQUENCE OF CASES FOR TRIAL

1   holidays, and Signal's recent request to depose Defendants' technical experts, it has
2   been impossible to schedule all expert depositions to occur prior to January 4th.  The
3   parties have worked cooperatively to schedule depositions for the experts on the first
4   available dates, but it currently appears that expert discovery cannot be completed
5   before January 28, 2016.

6          Second, given that expert discovery will not be complete until nearly the end
7   of January, the current deadline for summary judgment and *Daubert* motions
8   (January 8, 2016) should also be extended.  On this point, the parties disagree.
9   Signal IP has taken the position that dispositive motions should be filed before the
10  experts are deposed.  Signal IP's position, however, is impractical.  Expert
11  depositions are likely to provide key evidence supporting dispositive or *Daubert*
12  motions.  Conversely, expert depositions could cause the parties to re-think the
13  grounds on which to pursue such motions.  As such, the parties should have the
14  opportunity to finish expert discovery prior to the deadline for dispositive and
15  *Daubert* motions.

16         Third, MBUSA respectfully submits that it would be premature to schedule
17  any party for trial on March 15th based on the current status of the case, as noted in
18  the first two items above.  No party will be in a position to effectively and
19  efficiently prepare the Pretrial Order, participate in the Pretrial Conference, or try
20  these cases by mid-March.  Moreover, the Court will not have an adequate
21  opportunity to consider the parties' summary judgment and *Daubert* motions.
22  MBUSA thus requests that the first trial be postponed until the date of the second
23  trial in mid-May.

24         Finally, MBUSA respectfully requests that the Court postpone determining
25  the sequence of trials until the Court has the opportunity to consider the parties'
26  dispositive motions.  Proceeding in this manner will ensure that the first trial is not
27  allocated to a party that prevails on summary judgment, thereby reducing the
28  parties' litigation costs and avoiding the inconvenience to the Court of rescheduling

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1  all of the trials after summary judgment decisions are entered.

2        As Signal has repeatedly noted (including above), MBUSA did not join the
3  other Defendants in seeking a stay of this proceeding.  MBUSA did not seek a stay
4  because Signal IP's allegations of infringement against MBUSA are *exceptionally*
5  *meritless* and MBUSA is confident that it will prevail on summary judgment.[1]
6  MBUSA thus did not wish to delay the ultimate resolution of this case by seeking a
7  stay that would, at best, partially resolve the case while forcing MBUSA to incur
8  even greater expenses.  MBUSA's desire to proceed expeditiously to summary
9  judgment, however, is not an admission that it is "ready and willing" to try this case
10  in March 2016, as Signal has suggested elsewhere (*see* Dkt. 111 in 14-cv-0491).  To
11  the contrary, MBUSA is hopeful that it can avoid incurring the litigation costs
12  associated with a trial once the Court has the opportunity to consider MBUSA's
13  straight-forward summary judgment motion, which MBUSA intends to submit
14  immediately following the close of expert discovery.

15        For the reasons set forth above, MBUSA requests that the Court postpone
16  scheduling individual trials in the Signal IP matter and instead alter the case
17  schedule as follows:

| Deadline | Original Date | New Date |
|---|---|---|
| Expert Discovery | January 4, 2016 | January 28, 2016 |

[1] For example, the asserted claim of U.S. Patent No. 6,012,007 requires deactivating an airbag when the weight on a seat drops below "a level indicative of an empty seat."  The accused MBUSA system, however, deactivates the airbag as soon as the weight on the seat falls below a level indicative of a seat occupied by a child, which is at 20 kg and not zero or substantially zero.  U.S. Patent No. 5,954,775 requires the use of a dual rate communication protocol – i.e., a protocol that transmits data at two different data rates.  The accused MBUSA system, however, does not use dual rates; it transmits data at only one data rate.  U.S. Patent No. 5,714,927 requires prolonging a blind spot warning signal after the blind spot radar can no longer detect a target vehicle.  The accused MBUSA system, by contrast, continues to detect vehicles long before and long after they are in the blind spot warning zone.

| Deadline | Original Date | New Date |
|---|---|---|
| Cutoff | | |
| SJ/Daubert Filing Deadline | January 8, 2016 | January 29, 2016 |
| SJ/Daubert Hearing Deadline | February 8, 2016 | February 29, 2016 |
| Order on the Sequence of Trials | -- | March 15, 2016 |
| Pretrial Disclosure Filing | February 22, 2016 | April 15, 2016 |
| Trial 1 Final Pretrial Conf. | February 29, 2016 | April 29, 2016 |
| Trial 1 | March 15, 2016 | May 10, 2016 (Original Trial 2 Date) |

**Mazda's Statement**

Mazda joins MBUSA's statement on the first through third points. As to the final point, Mazda similarly expects to prevail at the summary judgment stage. Mazda, however, suggests that the Court set a schedule for determining trial sequence (*e.g.,* by ordering a joint report following the due date for dispositive and *Daubert* motions).

To the extent the Court decides to set a trial schedule at this stage, Mazda agrees to the sequence provided by Plaintiff.

**Subaru's Statement**

Subaru joins MBUSA's and Mazda's statement on MBUSA's first through third points. As to MBUSA's final point, Subaru similarly expects to prevail at the summary judgment stage . Further, only one claim of one patent is asserted against Subaru, and the maximum scope of any possible claim of damages is so limited that

1  proceeding to trial will result in a substantial waste of judicial and party resources

2  regardless of the outcome. Further, Subaru and Signal IP are engaged in settlement

3  discussions and, while no agreement has been reached, settlement before trial is

4  possible.

5      To the extent the Court decides to set a trial schedule at this stage, Subaru

6  agrees to the sequence provided by Plaintiff.

7      **Kia's Statement**

8      Kia agrees with the other defendants' requested modification to the schedule.

9  Signal has already agreed to dismiss the claim of infringement of the '927 patent

10  against Kia, leaving only claim 21 of the '007 patent.  Kia has informed Signal that

11  if it does not withdraw that one remaining claim before summary judgment, Kia will

12  seek attorney fees under 35 USC 285 because Signal has no good faith basis to

13  proceed on that claim. In the interest of judicial economy, therefore, Kia joins the

14  requested modest change to the schedule.

15      **Honda's Statement**

16      Honda agrees with the other defendants' requested modification to the

17  schedule.  In particular, Honda believes that the deadline for dispositive and Daubert

18  motions should be extended until all expert depositions are completed, as set forth

19  above.  Such an extension is in the interest of justice and judicial economy, and

20  further will not prejudice Signal.  Like the other defendants, Honda also joins the

21  request in light of the strength of its position in this matter.  However, to the extent

22  that the pending motion to stay is denied and any portion of plaintiff's cases

23  survives dispositive motions, Honda believes that any party that did not join the

24  motion to stay should proceed to trial first.

25

26      **BMWNA's Statement**

27      BMWNA joins Mazda's statement.  To the extent the Court wishes to set the

28  cases for trial at this stage, BMWNA suggests the Court order each case for trial in

the order in which the case was filed.  To the extent more than one case was filed on the same day, BMWNA suggests the Court order trials for those cases by Civil Action No.  Under BMWNA's suggested approach, the cases Signal IP filed in 2014 would proceed to trial in the following order:

| Trial No. | Defendant | Date Case Was Filed | C.A. No. |
|-----------|-----------|---------------------|----------|
| 1 | Honda | 4/1/2014 | 2:14-cv-2454 |
| 2 | Kia | 4/1/2014 | 2:14-cv-2457 |
| 3 | Mazda | 4/1/2014 | 8:14-cv-491 |
| 4 | Nissan | 4/17/2014 | 2:14-cv-2962 |
| 5 | Subaru | 4/17/2014 | 2:14-cv-2963 |
| 6 | MBUSA | 4/23/2014 | 2:14-cv-3109 |
| 7 | BMWNA | 4/23/2014 | 2:14-cv-3111 |
| 8 | VWGoA | 4/23/2014 | 2:14-cv-3113 |

Proceeding in the order the cases were filed not only makes logical sense, but also is an approach followed by other Courts.  *See, e.g.*, *Prism Techs. LLC v. Sprint Spectrum L.P.*, C.A. No. 8:12-cv-123-LES-TDT, Doc. 287 (D. Neb. Feb. 9, 2015) (ordering trials by C.A. No.).

**Nissan's Statement**

Nissan agrees with the other defendants' requested modification to the schedule.  As with the other defendants, Nissan joins the request based on the strength of its positions in this matter.  To the extent the Court decides to set a trial schedule at this stage, Nissan agrees to the sequence provided by Plaintiff.

LINER LLP
1100 Glendon Avenue | 14th Floor
Los Angeles, CA 90024-3518

1   Dated:  December 21, 2015          LINER LLP

2

3

4                                     By:      /s/ Ryan E. Hatch
                                               Ryan E. Hatch
5                                              Attorneys for Plaintiff SIGNAL IP, INC.

6

7   Dated:  December 21, 2015          FISH & RICHARDSON P.C.

8

9

10                                    By:      /s/ Ahmed J. Davis
                                               Ralph A. Phillips (Pro Hac Vice)
11                                             Ahmed J. Davis (Pro Hac Vice)
                                               Attorneys for Defendants
12                                             AMERICAN HONDA MOTOR CO., INC.
                                               and HONDA OF AMERICA MFG., INC.
13

14

15  Dated:  December 21, 2015          SHOOK, HARDY & BACON L.L.P.

16

17

18                                    By:      /s/ Patrick A. Lujin
19                                             Patrick A. Lujin
                                               B. Trent Webb
20                                             Richard D. Eiszner
                                               Gabriel S. Spooner
21                                             Douglas W. Robinson
                                               Jamie H. Kitano
22                                             Attorneys for Defendant
23                                             NISSAN NORTH AMERICA, INC.

24

25

26

27

28

1   Dated:  December 21, 2015          DLA PIPER, LLP

2

3

4                                      By:  _____/s/ Steven J. Reynolds_____

5                                          Matthew D. Satchwell
                                           Steven J. Reynolds
                                           Patrick Park
6                                          Attorneys for Defendants
                                            MAZDA MOTOR OF AMERICA, INC.
7                                          and SUBARU OF AMERICA, INC.

8

9   Dated:  December 21, 2015          GREENBERG TRAURIG LLP

10

11

12                                     By:  _____/s/ Stephen Shahida_____

13                                         Stephen Shahida
                                           Attorneys for Defendant
                                           KIA MOTORS AMERICA, INC.
14

15  Dated:  December 21, 2015          DLA PIPER LLP

16

17

18                                     By:  _____/s/ Brian Biggs_____

19                                         Joseph P. Lavelle

20                                         Andrew N. Stein

21                                         Brian Biggs

                                           Patrick Park

22                                         Attorneys for Defendant
                                           BMW OF NORTH AMERICA, LLC

23

24

25

26

27

28

Dated: December 21, 2015          GONZALEZ SAGGIO & HARLAN LLP


By:        */s/ Don A. Hernandez*
          Don A. Hernandez
          Christina D. Hernandez

          FRIED, FRANK, HARRIS, SHRIVER &
          JACOBSON LLP
          Scott W. Doyle (pro hac vice)
          Jonathan DeFosse (pro hac vice)
          Attorneys for Defendant
          MERCEDES-BENZ USA, LLC


## SIGNATURE ATTESTATION

I hereby certify that concurrence in the filing of this document has been obtained from each of the other signatories shown above.


By:   */s/ Ryan E. Hatch*